UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

INDEPENDENT FINANCIAL SERVICES' MOTION TO COMPEL

Plaintiff, Independent Financial Services, Inc. ("IFS"), hereby moves, pursuant to Rule 37, Fed. R. Civ. Proc. that Defendant CCI Group, Inc. be compelled to provide further responses to Interrogatories No. 3, 6, 7, 8, 9, 10, 11, 12, 13, 16, 21, 23, and 24 and Requests for Production No. 5, 8, 10, 16, and 20.

In support of this Motion, the Court is respectfully referred to the Memorandum in Support of Independent Financial Services' Motion to Compel, filed together with this Motion.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 6/11/05

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)885-7199

## CERTIFICATE OF CONFERRAL

I hereby certify that, prior to filing this Motion, I conferred with opposing counsel regarding the Document Production issues. As to Interrogatories, because of the timing of the Pretrial Order and the Defendant's request for a modest extension of time to respond to Interrogatories, it was not possible to confer prior to the filing of this Motion, but Counsel expects to confer very soon after this Motion is filed and will report to the Court regarding any agreement reached which may moot any issue in this Motion.

______________________________

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 11 day of June, 2005, to the following attorney(s) of record:

Mark W. Freel (#4003)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF
INDEPENDENT FINANCIAL SERVICES' MOTION TO COMPEL

1. Introduction.[1]

This matter was commenced by Independent Financial Services, Inc. ("IFS"), a Connecticut corporation with its principal place of business in Westerly, Rhode Island. The defendant is CCI Group, Inc. (CCIG"), a Utah Corporation with its principal place of business in New York.

IFS is in the business of, *inter alia*, providing financial advice and assistance to various individuals or entities in obtaining financing for a variety of purposes.

CCIG is in the business of owning and operating certain resort properties located in the Caribbean. Currently, upon information and belief, CCIG has an ownership interest in a single resort property, but desires to acquire an ownership interest in additional properties, also located within the Caribbean. Recently, it appears that CCI has either acquired or is in the process of acquiring, a second property.

CCIG entered into an agreement with IFS related to financing for CCI. Thereafter, CCI

[1] IFS sets forth, here, a very basic sketch of the claims in the suit, not for the purpose of being comprehensive or technically precise, but for the purpose of assisting the Court to determine which matters are relevant or reasonably likely to lead to the discovery of relevant information.

closed a transaction with Laurus Master Funds whereby some $10.5 Million, more or less, was placed in a "restricted account" for CCI's use, subject to the terms of the closing documents. IFS has claimed a fee, based upon its agreement with CCI, on that transaction. Ultimately, it appears that approximately $4.5 Million was used for the refinance/payoff of the existing property and the other $5.5 Million was very recently returned to Laurus, subject to the terms of the original closing documents and/or whatever agreements CCI and Laurus may have come to.

CCI defends the matter claiming, upon information and belief that 1) it is only potentially liable under the Agreement with IFS for a fee on the amount which it used, 2) because CCI claims that the Laurus transaction involved the transfer of state or federally regulated securities, IFS either cannot enforce its rights to receive its payment and/or is not entitled to such payment because IFS is not a registered broker-dealer and, 3) possibly, that IFS did not earn its fee.

Important to the arguments set forth below are a number of facts. First, Mark Casolo was both an officer of CCI and also a principal of McGinn, Smith, an investment company with a longstanding relationship with CCI related to attempts, some successful, some not, to raise funds for CCI. In addition to his CCI and McGinn, Smith hats, Mr. Casolo also was fund manager for two or more so-called hedge funds, upon information and belief, which invested substantial sums in CCI.

IFS propounded both Interrogatories and Requests for Production of Documents on CCI. This Motion addresses the responses and requests that this Court Order further responses, all as set forth below.

2. Argument.

IFS sets forth the following Interrogatories/Document Requests and Responses which it asserts are deficient, each followed, in turn, by a brief argument in support of its request for an Order compelling further response:

> Interrogatory No. 3: Identify all persons who you believe have knowledge of the facts at issue in this litigation, as set forth in the Amended Complaint and Answer. In each such instance, identify that person by providing his or her full name, residence and business addresses, job title and responsibilities, and involvement in the facts at issue in this litigation. State what facts you believe each such person possesses.
>
> RESPONSE: CCI believes that all persons identified, by name or otherwise, in the deposition testimony of Mark Casolo, Herriott and Grin potentially have knowledge of the facts at issue in this litigation. CCI also believes that all individuals identified, by name or otherwise, in the documents produced by the respective parties to this litigation may have such knowledge. That includes, without limitation, the following: Mark Casolo, Fred Jackson, Herriott, other employees of IFS, Hal Wolfe, Eugene Grin, David Grin, Pat Regan, and any other employees of Laurus or its affiliates. The specific knowledge that any of the foregoing individuals has is described in the deposition testimony or documents referenced above.

ARGUMENT: CCI has not indicated the knowledge which each of the identified witnesses possesses. The difficulty with this response is that, instead of providing the factual basis for the allegations which CCI makes in its Answer, it simply punts by stating that the information is contained in the documents. IFS is entitled to know what specific information *CCI* relies on each of these witnesses to bring to the case.

> Interrogatory No. 6: Describe in detail all work performed or actions undertaken by McGinn, Smith relative to the transaction with Laurus.
>
> RESPONSE: In his efforts to obtain financing or funding fbr CCI from Laurus, between early May of 2004 and the closing of the Securities Agreement with Laurus on July 29, 2004, Casolo was acting, at many times, in his capacity as an employee of McGinn, Smith, and was acting pursuant to the engagement letter between CCI and McGinn, Smith. In this regard, CCI refers to the deposition testimony of Casolo, which is incorporated by reference herein.

ARGUMENT: In this matter, Mark Casolo was, as noted above, acting both on behalf of CCI and on behalf of McGinn, Smith. It is important for IFS to have CCI's version of what it was that McGinn, Smith did in this matter. McGinn, Smith appears to have had a separate (from IFS) fee agreement with CCI, which provided for roughly half of its 'normal' fee for work related to the Laurus transaction. Where CCI was obligated to pay both McGinn, Smith, a licensed broker-dealer

and IFS, and where CCI claims that IFS was either acting as an unlicensed broker-dealer or cannot be paid its fee because it is not a licensed broker-dealer, or did not perform, the specific nature of the relationship with McGinn, Smith and the work done by McGinn, Smith is critical to IFS' principle case and in fending off the defense raised by CCI.

> Interrogatory No. 7: Set forth the terms of any agreement which existed at any time which applied or potentially applied between McGinn, Smith and CCI Group, Inc. relative to the Laurus transaction and state when such agreement was negotiated, who negotiated it, This Interrogatory specifically includes any agreement which related to the disbursement of funds anticipated or expected to be paid to McGinn, Smith in connection with the Laurus closing.
>
> OBJECTION: CCI objects to the foregoing interrogatory to the extent that it seeks a legal conclusion, or to the extent that it asks CCI to repeat or recite the terms or effect of a document that has been produced. To that extent, the document would speak for itself.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, CCI refers to the engagement letter between CCI and McGinn Smith dated May 1, 2004, which has been previously produced in this litigation.
>
> Request for Production No. 5: All documents exchanged by and between CCI and McGinn, Smith at any time regardless of author or addressee.
>
> OBJECTION: CCI objects to the foregoing request on grounds that it is unduly broad and overly burdensome in scope. The request lacks any reasonable limitations in terms of the scope of the time frames or subjects covered. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence.
>
> Request for Production No. 20: All documents setting forth any agreements between CCI and McGinn, Smith and/or between Mark Casolo or any other officer, director or shareholder of CCI and McGinn, Smith.
>
> OBJECTION: CCI objects to the foregoing request on grounds that it is unduly broad and overly burdensome in scope. The request lacks any reasonable limitations in terms of the scope of the time frames or subjects covered as such, the request is not reasonably calculated to lead to the discovery of admissible evidence.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, see CCI's response to request number 19. [Request No. 19 relates to an SEC disclosure concerning specific fee amounts/payments due to IFS and McGinn, Smith].

ARGUMENT: CCI has entirely failed to respond to so much of this Interrogatory and Request for production as relates to the negotiation of the Agreements, the terms and how they were arrived at and why, and related documents. IFS believes that McGinn, Smith, in effect, 'renegotiated' its fee to one-half of its usual so that the total fee to CCI would still be the same, but IFS would get its fee. This reduction in fee is evident in some of the documents, which set forth the 'reduced' fee percentage, but no documents have been produced regarding how that reduction came about. There were specific documents which relate to the disbursement of funds at closing which this Interrogatory seeks information about – mere reference to these documents does not provide the factual explanation as to what those agreements were and how they came to pass, and no related documents have been produced.. The fact that documents were produced and a Rule 30(b)(6) deposition taken does not relieve CCI of the obligation to respond to the substance of Rule 33 Interrogatories or Rule 34 Requests for Production of this relevant information. See Rule 26, Fed. R. Civ. Proc. re: timing and sequence of discovery.

> Interrogatory No. 8: Describe in detail all services provided to CCI Group, Inc. by McGinn, Smith in the last five (5) years, including the payment, whether in cash or otherwise, for such services.
>
> OBJECTION: CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. A description of any and all services provided to CCI by McGinn, Smith over the last five (5) years has no bearing on whether CCI has breached a separate and unrelated contract with IFS, and whether IFS is entitled to payment of a kc pursuant to that agreement under the factual circumstances present in this case.

Request for Production No. 16: All documents referring or related in any way to any work McGinn, Smith performed, or any actions McGinn Smith undertook, related to the transaction with Laurus.

> OBJECTION: CCI objects to the foregoing request on grounds that it is unduly broad an overly burdensome in scope. The request lacks any reasonable limitations in terms of the scope of the time frames or subjects covered. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT: CCI's objection is without merit. IFS believes that the transaction at issue in this

litigation was materially different, in terms of the CCI/McGinn, Smith relationship, than previous transactions. This information sought is directly relevant to the issue of what IFS' role in the transaction was, what McGinn, Smith's was, how McGinn, Smith's role/compensation were different from the 'usual' and how that relates to the various defenses raised by CCI. Furthermore, McGinn, Smith may well have been involved in similar transactions with CCI where a fee was, in fact, paid to an entity similar to IFS and, if this inconsistent scenario occurred, it would weigh heavily on the merits of CCI's 'broker-dealer' defense.

> Interrogatory No. 9: Describe in detail all services provided to CCI Group, Inc. by Mark Casolo, in any capacity, in the last five (5) years, including the payment, whether in cash or otherwise, for such services
>
> OBJECTION: CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. A description of any and all services provided to CCI by Mark Casolo over the last five (5) years has no bearing on whether CCI has breached a separate and unrelated contract with IFS, and whether IFS is entitled to payment of a fee pursuant to that agreement under the factual circumstances present in this case. Moreover, specific facts concerning Casolo's compensation are inherently private and confidential in nature and bear no relationship to the facts at issue in this litigation.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, CCI incorporates by reference the deposition testimony of Mark Casolo, which addresses his employment relationship with CCI.

ARGUMENT: This Interrogatory is broader than the employment relationship between Mr. Casolo and CCI. Fortunately or unfortunately, Mr. Casolo wears many hats in ths scenario. He is an officer of CCI, who is also an employee of McGinn, Smith. In those capacities, he has evidently negotiated on behalf of each and, separate and apart from that confusing situation, Mr. Casolo manages at least two investment funds which have invested in CCI. IFS is entitled to the basic discovery by which these relationships can be unraveled, all of which bears on the issues of what IFS' obligations were under the Agreement, whether it is entitled to be paid and whether there is validity to the defense raised by CCI.

> Interrogatory No. 10: State the basis for your claim that IFS was required to be registered as a broker/dealer in connection with the Agreement at issue in this litigation or otherwise in order to be compensated. as IFS has demanded and/or prayed in this litigation.
>
> OBJECTION: CCI objects to the foregoing interrogatory to the extent that it seeks a legal conclusion.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, CCI states that it has reason to believe that. IFS is not registered as a broker-dealer consistent with the regulations of the Securities and Exchange Commission ("SEC") or the National Association of Securities Dealers ("NASD"), or pursuant to the laws of the States of New York or Rhode Island. Because the transaction between Laurus and CCI involved the placement or sale of securities, CCI believes that IFS cannot be paid a fee from that transaction unless it is registered as a broker-dealer for purposes of receiving such fees. However, this ultimate legal conclusion will he made by the Court in this action.
>
> Interrogatory No. 11: If you assert that IFS must be registered as a broker or dealer with any governmental or regulatory entities in order to receive a fee from the transaction at issue in this litigation, state the basis for your belief, specifically addressing any applicable federal and state regulations, and provide all facts supporting your belief
>
> OBJECTION: CCI objects to the foregoing interrogatory to the extent that it seeks a legal conclusion.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, CCI refers to its Response to Interrogatory No. 10, which is incorporated by reference herein.

ARGUMENT: These two Answers are long on conclusion, but impermissibly short on fact. IFS knows that CCI has taken the position that IFS had to be a registered broker-dealer, but CCI has not stated what, if anything, IFS did that required such registration. If in fact, the sole and exclusive 'fact' it relies on is the 'fact' that the transaction, according to CCI, involved the placement or sale of securities, and no other fact, then the Answer may be complete, but IFS believes it is appropriate to be vigilant in this respect, because CCI has indicated it expects to file a Motion for Summary Judgment based upon its 'broker-dealer' defense. To the extent that any such Motion contains factual allegations not disclosed in response to these Interrogatories, IFS believes that such assertions

should not be considered. Alternatively, IFS may be in the position of having to seek additional discovery, depending on what is asserted in the anticipated Rule 56 Motion and, if so, deems it prudent to have moved to strike the Objections set forth above and seek more responsive Answers.

Interrogatory No. 12: State the amounts deposited in any account as a result of the Laurus transaction and the dates and amounts of any deposits, credits or other additions, of any type, dates and amounts of any withdrawals, debits or other subtractions, of any type, and, as to any such account, state the following:

a. The name of the account holder;
b. The taxpayer identification number of the account holder;
c Whether any 1099 or other tax reporting form was issued at any time by the institution where each such. account exists and, if so, the taxpayer to whom it was issued, the amoun(s) and type(s) of income reported.

RESPONSE: Consistent with the prior deposition testimony of Mark Casolo and Grin, funds made available to CCI by Laurus in the amount of $10.5 million, as a result of the aforementioned Securities Agreement, were deposited into a. restricted account pursuant to the terms of that Securities Agreement (and the Restricted Account Agreement included therein). That account at North Fork Bank was in the Laurus' name and control, and. funds were only available to CCI upon satisfaction of the conditions set forth in the Securities Agreement. Laurus was paid its own fees, in the amount of approximately $349,500 from those funds at the time of closing. Thereafter, no funds were disbursed or withdrawn from that restricted account until approximately April 22, 2005, when CCI made a. partial "draw down" in the amount of $4.7 million, on terms described in the Form 8-K. filed with the SEC on April 27, 2005. the terms of that draw down are further described in that Form 8-K, which was marked as an exhibit at the deposition of Grin held on or about May 5, 2005. Thereafter, the remaining balance of funds in the restricted account, in the amount. of approximately $5.55 million, was returned to Laurus on terms negotiated between Laurus and CCI. Therefore, funds in that amount were never drawn down or otherwise disbursed from that account.

Interrogatory No. 13: Was any income to or withdrawal from any account inquired into in Interrogatory No. 12 reported on any tax return? If so, state the name of the taxpayer, the form on which such information was reported, the amount reported and the description, including text, form and line where such income/withdrawal was reported. Include in your response any reported sum which includes funds used from any such account for any purpose.

OBJECTION: CCI objects to the foregoing interrogatory on. grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. CCI further objects to the foregoing interrogatory on grounds that it seeks information concerning

tax returns that is inherently confidential and private in nature.

ARGUMENT: CCI has not responded to the portion of the Interrogatory which relates to 1099 or other tax forms, the name of the account holder or the tax ID number. It is important and relevant for IFS to know if there was interest reported on the account and to whom. A critical issue, it appears, in this litigation, is whether the funds were transferred to CCI. IFS argues that, restrictions or not, the full amount was 'financed' such that it is entitled to its fee. CCI seeks to shield itself by claiming that restrictions on the money make it not subject to the fee in any event. The ownership and tax reporting related to the money, interest paid and other information is critical and relevant to the litigation of this matter.

> Request for Production No. 8: All statements or other documents relating to funds held in any account resulting from the Laurus transaction, including bank statements, loan statements, invoices, payments.
>
> RESPONSE: Responsive documents will be produced.

ARGUMENT: No responsive documents were produced. However, CCI has stated that it does not possess or, apparently, have access to such documents. Under these circumstances, IFS asks only that CCI formally supplement its response to state that no responsive documents are in its custody, care or control.

> Interrogatory No. 16: Describe any and all instances in the last five (5) years in which CCI Group, Inc. has been a party to any lawsuit or other legal proceedings. As to each such proceeding or suit, describe the nature of the proceeding, the court or other forum in which it was filed or initiated, the names of the other parties, and the outcome of any such proceeding.
>
> OBJECTION: CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Any prior litigation to which CCI may have been a party would have no bearing on the question of whether IFS is entitled to a fee in this case, based on the facts and circumstances present in this situation.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, CCI incorporates by reference deposition testimony given by Mark Casolo on March

> 31, 2005, which references certain prior litigation. Moreover, as a publicly traded company, CCI is required to make certain disclosures, and therefore incorporates any such prior disclosures by reference herein.

ARGUMENT: IFS does not object to CCI's incorporation of Mr. Casolo's deposition testimony, but the attempt to incorporate non-produced disclosures is inappropriate. CCI, presumably, has knowledge of what suits it has been party to, and should disclose the same. The information is relevant, potentially, because part of the defense is based upon the claim, by Mr. Casolo, that Mr. Herriott made certain representations to him about IFS' business. If, in the past five years, CCI has, for example, been repeatedly sued by individuals or entities which claim that CCI has reneged on promises to pay fees, that would be, potentially, relevant to IFS' case. The Interrogatory is narrow in scope, and a responsive Answer should be compelled.

> Interrogatory No. 21: Describe all actual or potential purchases of properties or stock or other ownership interest in any entity owning or controlling property which have existed at any time since the Laurus closing, regardless of whether consummated, identifying the parties to such actual or potential purchase, the terms of such potential purchases and the potential or actual source for funding any such transaction.
>
> OBJECTION: CCI objects the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. CCI further objects to the foregoing interrogatory to the extent that it seeks the disclosure of confidential or proprietary business information, or of information that is subject to non-disclosure or confidentiality agreements between CCI and third parties.
>
> RESPONSE: Notwithstanding the foregoing objection, and without waiving same, CCI incorporates the deposition testimony of Mark Casolo by reference herein. CCI specifically notes that it pursued negotiations throughout certain time periods in 2004 and 2005 for the acquisition of an interest in the St. James Club in Antigua, as described in Mark Casolo's deposition testimony.
>
> Request for Production No. 10: Any and all letters of intent, purchase and sales agreement, options to purchase or other documents related in any manner to any potential purchase of any direct or indirect interest in any resort or hotel property, developed or undeveloped other than the Beach House property.
>
> OBJECTION: CCI objects to the foregoing request on grounds that it is unduly broad and overly burdensome in scope. The request lacks any reasonable limitations in terms of the scope of the time frames or subjects covered. As such, the request is

not reasonably calculated to lead to the discovery of admissible evidence.

ARGUMENT: IFS recently learned the CCI both 'returned' $5.5 Million to Laurus and obtained alternate financing with which it appears to have consummated a transaction of over $20 Million. IFS is entitled to discovery of the details of these transactions, and related documents, on any number of bases – for example, IFS obtained financing which CCI asserts was subject to certain "restrictions," which IFS believes to be the case. However, if, in fact, CCI raised substantial funds through a Private Placement or otherwise, it likely could have met the 'restrictions' which applied to the $5.5 Million which was financed, but allegedly 'returned' to Laurus. Under these circumstances, it is very likely that IFS will argue that CCI is estopped, equitably, from asserting that it is not liable for payment to IFS on sums not 'drawn down,' because CCI entirely controlled the decision not to use the financed funds. This is particularly important where the probable result of use of the 'new' funds, versus the Laurus Funds, as to the $5.5 Million, effectively *doubled*, in all likelihood, the McGinn, Smith fee on that sum, deprived IFS of its fee on that sum, and was likely effectively[2] negotiated between Mark Casolo and himself, representing CCI and McGinn, Smith. For these reasons, the requested information is relevant and should be compelled.

> Interrogatory No. 23: With respect to any discussion, negotiation or other consideration of "unwinding" the Laurus transaction, provide complete details of such consideration including the identity of any parties to any discussion, dates and substance of any and all such discussions, nature and substance of any and all documents related to such potential "unwinding" and the current status of any such consideration.
>
> RESPONSE: CCI incorporates by reference the deposition testimony of Mark Casolo. As set forth in that deposition testimony, Mark Casolo of CCI had discussions with certain representatives of Laurus, including Grin at various times

---

[2] It appears that, in some negotiation, CCI at least establishes the pretense that Fred Jackson, CEO of CCI negotiates with McGinn, Smith, and IFS does not wish to suggest otherwise, but IFS expects to present evidence that Mr. Casolo is the driving force in the intertwined relationship between McGinn, Smith and CCI.

> in early 2005, concerning the total or partial "unwinding" of the transaction between CCI and Laurus that had been closed on July 29, 2004. These discussions ultimately led to a partial draw down of the funds in the restricted account, pursuant to the terms of the Securities Agreement, as described in detail in the Form 8-K filed with the SEC on or about April 27, 2005. This document was marked as an exhibit at the deposition of Grin held on May 5, 2005, and is incorporated by reference herein. Since that time, CCI and Laurus have reached agreement on certain terms by which CCI has returned the remaining balance of approximately $5.55 million from the funds originally made available by haunts pursuant to the terms of its transaction with CCI.

ARGUMENT: CCI has not described the details of the 'unwinding' which it now states has occurred. The information is not contained in the depositions of Mr. Casolo (who only described the discussions as tentative at the time he was deposed) or Mr. Grin (who knew nothing of the discussions). The terms of the 'unwinding' are critical to IFS' case – they may contain admissions by CCI concerning the nature of the original agreement, may support IFS' claim that the whole amount was 'financed,' may contain agreements, recitals or references to whose money the remaining $5.5 Million was and are otherwise potential sources of relevant information. The Answer is entirely non-responsive, and, respectfully, a further, responsive Answer should be compelled.

> Interrogatory No. 24: Describe any actual or potential funding from the account(s) which was funded directly or indirectly with funds from the Laurus transaction which was ever considered, scheduled, discussed or accomplished, providing, for each, the dates on which such consideration first was given and all relevant dates when any' correspondence, discussion, scheduling (e.g. On October 1, 2004 a tentative closing was set for February, 2005), changes in scheduling, closing or other event occurred,
>
> OBJECTION: CCI objects to the foregoing interrogatory on grounds that it is vague, ambiguous and. unclear, and is unduly burdensome in its terms and its scope. Notwithstanding this objection, and without waiving same, CCI refers IFS to its other responses to these interrogatories, as set forth herein.

ARGUMENT: Again, where CCI is expected to assert that one of the reasons why it does not have to pay IFS is because it did not use the money in the restricted account, it is important and relevant for IFS to know what deals were considered, what happened to them and otherwise to determine if

the failure to use the money was for reasons which equitably estop CCI from denying that IFS is entitled to its compensation. The suggestion that it is unduly burdensome is without merit where there can only have been a limited number of deals considered, and the deposition of Mr. Casolo bears this out. That deposition was not the appropriate setting to explore, in chapter and verse, the details of these potential transactions, which are all relevant to this lawsuit. The Interrogatory is an appropriate followup, and CCI should be compelled to disclose what deals were considered and why they did or didn't happen.

3.Conclusion.

For the foregoing reasons, IFS respectfully prays that CCI be compelled to further respond to discovery as prayed herein.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 6/11/05

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)885-7199

**CERTIFICATE OF CONFERRAL**

I hereby certify that, prior to filing this Motion, I conferred with opposing counsel regarding the Document Production issues. As to Interrogatories, because of the timing of the Pretrial Order and the Defendant's request for a modest extension of time to respond to Interrogatories, it was not possible to confer prior to the filing of this Motion, but Counsel expects to confer very soon after this Motion is filed and will report to the Court regarding any agreement reached which may moot any issue in this Motion.

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 11 day of June, 2005, to the following attorney(s) of record:

Mark W. Freel (#4003)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903