**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

INDEPENDENT FINANCIAL SERVICES, INC., :
Plaintiff, :
v. : C.A. No. 04-0378-L
CCI GROUP, INC., :
Defendants. :

**DEFENDANT CCI GROUP'S OBJECTION TO PLAINTIFF IFS' MOTION TO COMPEL**

Defendant CCI Group, Inc. ("CCI") hereby objects to the Motion to Compel more responsive answers to certain interrogatories and requests for production of documents filed by Plaintiff Independent Financial Services, Inc. ("IFS"). In support of this objection, CCI submits the accompanying memorandum of law.

CCI GROUP, INC.

By its Attorneys,

Mark W. Freel (#4003)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July 2005, I caused a true copy of the within Objection to IFS' Motion to Compel to be delivered by telecopy, and by regular mail, postage prepaid, to:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
P. O. Box 622
7454 Post Road
North Kingstown, RI 02852
(401) 885-7199 (fax)



PRV_744939_1/MFREEL

**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-0378-L |
| CCI GROUP, INC., | : | |
| Defendants. | : | |

**MEMORANDUM IN SUPPORT OF DEFENDANT CCI'S PARTIAL OBJECTION TO IFS' MOTION TO COMPEL**

Defendant CCI Group, Inc. ("CCI") hereby submits this memorandum in support of its partial objection to the motion to compel more responsive answers to certain interrogatories and requests for production of documents filed by Plaintiff Independent Financial Services, Inc. ("IFS"). During the pendency of the motion, counsel for CCI and IFS have engaged in various discussions and negotiations in an effort to resolve many of the issues raised by the motion to compel. That has resulted in CCI producing additional documents, and in CCI providing a supplemental set of interrogatory responses. CCI has provided supplemental responses to Interrogatory Nos. 3, 6-8, 12, 16, 21 and 23, and has supplemented its responses to Document Request Nos. 8, 10 and 16. Therefore, this objection is limited to the other interrogatories and document requests identified in IFS' instant motion to compel.

Set forth below are the remaining interrogatories and document requests at issue, CCI's original responses and/or objections, and CCI's arguments in support of its position that those prior responses and/or objections are adequate:

## Interrogatories

**Interrogatory No. 9:** Describe in detail all services provided to CCI Group, Inc. by Mark Casolo, in any capacity, in the last five (5) years, including the payment, whether in cash or otherwise, for such services.

**OBJECTION:** CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. A description of any and all services provided to CCI by Mark Casolo over the last five (5) years has no bearing on whether CCI has breached a separate and unrelated contract with IFS, and whether IFS is entitled to payment of a fee pursuant to that agreement under the factual circumstances present in this case. Moreover, specific facts concerning Casolo's compensation are inherently private and confidential in nature and bear no relationship to the facts at issue in this litigation.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, CCI incorporates by reference the deposition testimony of Mark Casolo, which addresses his employment relationship with CCI.

**ARGUMENT:** Counsel for IFS has already had a substantial and extended opportunity to depose Mark Casolo, who testified as a designated representative of CCI pursuant to Rule 30(b)(6), on these subjects. CCI expressly incorporated Mr. Casolo's deposition testimony on these subjects by reference in its prior interrogatory response. Moreover, CCI has now provided supplemental responses to Interrogatory Nos. 7 and 8, further detailing certain aspects of the prior business relationship between CCI and McGinn, Smith. CCI has provided information that goes beyond the Laurus transaction, and that generally describes the background of circumstances through which McGinn,



PRV_743399_1/MFREEL

Smith and Mr. Casolo have assisted CCI in raising funds and capital. Mr. Casolo testified at length on these subjects at his deposition. Further information is contained in the detailed Private Placement Memorandum that CCI produced. In sum, the information that IFS has already received is adequate in light of the limited relevance that any of this may have to the question of whether IFS is entitled to payment of a fee under the terms of the subject Agreement with CCI. There is simply no basis on which CCI should have to provide a complete and detailed description of any and all services provided to CCI by Mr. Casolo over a period of five (5) years.

**Interrogatory No. 10:** State the basis for your claim that IFS was required to be registered as a broker/dealer in connection with the Agreement at issue in this litigation or otherwise in order to be compensated as IFS has demanded and/or prayed in this litigation.

**OBJECTION:** CCI objects to the foregoing interrogatory to the extent that it seeks a legal conclusion.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, CCI states that it has reason to believe that IFS is not registered as a broker-dealer consistent with the regulations of the Securities and Exchange Commission ("SEC") or the National Association of Securities Dealers ("NASD"), or pursuant to the laws of the States of New York or Rhode Island. Because the transaction between Laurus and CCI involve the placement or sale of securities, CCI believes that IFS cannot be paid a fee from that transaction unless it is registered as a broker-dealer for purposes of receiving such fees. However, this ultimate legal conclusion will be made by the Court in this action.

**ARGUMENT:** CCI stands by its position that the foregoing interrogatory ultimately seeks a legal conclusion which this Court must make. Moreover, since CCI's original response to this interrogatory, CCI filed a summary judgment motion that clarifies its position on IFS' entitlement to a fee in this case in light of the requirement that broker/dealers be registered with certain public authorities in order to receive fees from transactions involving the placement or sale of securities.

**Interrogatory No. 11:** If you assert that IFS must be registered as a broker or dealer with any governmental or regulatory entities in order to receive a fee from the transaction at issue in this litigation, state the basis for your belief, specifically addressing any applicable federal and state regulations, and provide all facts supporting your belief.

**OBJECTION:** CCI objects to the foregoing interrogatory to the extent that it seeks a legal conclusion.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, CCI refers to its Response to Interrogatory No. 10, which is incorporated by reference herein.

**ARGUMENT:** CCI stands by its position that the foregoing interrogatory ultimately seeks a legal conclusion which this Court must make. Moreover, since CCI's original response to this interrogatory, CCI filed a summary judgment motion that clarifies its position on IFS' entitlement to a fee in this case in light of the requirement that broker/dealers be registered with certain public authorities in order to receive fees from transactions involving the placement or sale of securities.

**Interrogatory No. 24:** Describe any actual or potential funding from the account(s) which was funded directly or indirectly with funds from the Laurus transaction which was ever considered, scheduled, discussed or accomplished, providing, for each, the dates on which such consideration first was given and all relevant dates when any correspondence, discussion,

scheduling (e.g. On October 1, 2004 a tentative closing was set for February, 2005), changes in scheduling, closing or other event occurred.

**OBJECTION:** CCI objects to the foregoing interrogatory on grounds that it is vague, ambiguous and unclear, and is unduly burdensome in its terms and its scope. Notwithstanding this objection, and without waiving same, CCI refers IFS to its other responses to these interrogatories, as set forth herein.

**ARGUMENT:** In its interrogatory responses, as supplemented, and in Mr. Casolo's deposition testimony as a corporate representative, CCI has provided complete and thorough information regarding any disposition, use or draw-down of the funds obtained from Laurus pursuant to the terms of the Securities Purchase Agreement dated July 29, 2004. Therefore, CCI has made full disclosure about what actually happened. CCI should not be compelled to provide further information about possible or hypothetical events which were discussed, but which never happened. Such non-existent acts or events could not possibly bear any relationship to the ultimate outcome of this lawsuit. Rather, the merits of this lawsuit will be determined on the basis of facts and events that actually occurred. Accordingly, CCI stands by its original objection, particularly in light of information provided to IFS through other vehicles.

## Document Requests

**Document Request No. 5:** All documents exchanged by and between CCI and McGinn, Smith at any time regardless of author or addressee.

**OBJECTION:** CCI objects to the foregoing request on grounds that it is unduly broad and overly burdensome in its scope. The request lacks any reasonable limitations in terms of the scope of the time frames or subjects covered. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence.

**ARGUMENT:** CCI stands by its original objection to this request, which is blatantly overbroad and is not reasonably calculated to lead to the discovery of admissible evidence. Since its original discovery responses, CCI has provided supplemental interrogatory answers, which have provided relevant information regarding the background of the relationship between CCI and McGinn, Smith. It has also provided the engagement letter between CCI and McGinn, Smith that was in effect at the time of the subject Laurus transaction. Moreover, counsel for IFS has had an opportunity to depose Mark Casolo, as a 30(b)(6) designee, at length regarding the nature and background of the relationship between CCI and McGinn, Smith. It is simply untenable to ask CCI to produce any and all documents exchanged between CCI and McGinn, Smith at any time, over a period of three (3) years, irrespective of the author or addressee, and irrespective of the subject matter or other relationship to the facts at issue in this case.

**Document Request No. 20**: All documents setting forth any agreements between CCI and McGinn, Smith and/or between Mark Casolo or any other officer, director or shareholder of CCI and McGinn, Smith.

**OBJECTION:** CCI objects to the foregoing request on grounds that it is unduly broad and overly burdensome in its scope. The request lacks any reasonable limitations in terms of the scope of the time frames or subjects covered. As such, the request is not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, see CCI's Response to Request No. 19.

**ARGUMENT:** CCI has already produced the only engagement letter between CCI and McGinn, Smith that was in effect as of the time of the Laurus transaction. Any

prior or subsequent versions of that engagement letter are simply not relevant to the facts at issue in this litigation.

CCI GROUP, INC.

By its Attorneys,

Mark W. Freel (#4003)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 22nd day of July 2005, I caused a true copy of the within Memorandum in Support of CCI's Partial Objection to IFS' Motion to Compel to be sent by telecopy and regular mail, postage prepaid, to:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
P. O. Box 622
7454 Post Road
North Kingstown, RI 02852
(401) 885-7199 (fax)