UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | : | |
| v. | : | C.A. No. 04-0378-L |
| CCI GROUP, INC., Defendants. | : | |

**REPLY MEMORANDUM IN SUPPORT OF CCI GROUP INC.'S MOTION FOR SUMMARY JUDGMENT**

Defendant CCI Group, Inc. ("CCI") submits this reply memorandum in further support of its motion for summary judgment. The purpose of this reply memorandum is to respond to certain legal arguments and assertions made by Plaintiff Independent Financial Services, Inc. ("IFS") in its memorandum in opposition to the instant summary judgment motion.

**Discussion**

In sum, there is no genuine issue of material fact with regard to whether the agreement entitled "Securities Purchase Agreement," entered into between CCI and Laurus Master Fund, Ltd. ("Laurus"), involved the transfer or sale of securities. Moreover, CCI's affirmative defense of "voidability" is more than sufficient to permit this Court to rescind the subject Agreement at CCI's instance. Finally, it is of no moment that CCI has not moved for summary judgment on Count IV of the Complaint. The burden is upon IFS to provide evidentiary support for its claims of fraud, breach of fiduciary duty and/or interference with advantageous relations, and IFS has not met that burden.

## I. There Is No Dispute That the Securities Purchase Agreement Involves the Placement of Securities.

There is no legitimate dispute that the "Securities Purchase Agreement" between Laurus and CCI involves the sale or placement of a "security," as that term is defined under the Securities Exchange Act of 1934 (the "Act"), 15 U.S.C. § 78c(a)(4)(A). In its memorandum in support of its objection to CCI's motion for summary judgment, IFS claims that "there is substantial doubt" whether the transaction at issue involves a security, thereby requiring IFS to be registered as a broker/dealer. (IFS' Memorandum in Opposition to Motion for Summary Judgment ("IFS Memo.") at 3.) IFS goes on to describe the primary "instrument" at issue in the CCI/Laurus transaction as a "note" and states that the transaction bears some resemblance to a standard commercial mortgage. (Id. at 3-6.) IFS concludes that there is a dispute regarding whether the "note" in this case is a security as defined by the Act. (Id. at 6.)

Contrary to IFS' assertions, the transaction at issue in this case bore no resemblance to the financing of a standard commercial mortgage and the primary "instrument" was not a note. As described in CCI's original memorandum, the instrument that is the focus of this litigation is the Securities Purchase Agreement entered into between Laurus and CCI. That transaction clearly and indisputably involved the transfer and sale of CCI securities. IFS, CCI and Laurus were all aware of the nature of the undertaking when the deal was being proposed and negotiated. (See Statement of Undisputed Material Facts ("Facts") at ¶ 17 & Exh. 6, attached thereto.) Moreover, there can be no dispute as to the substance of the transaction between CCI and Laurus. The parties to this transaction executed not only a "Securities Purchase Agreement," but also a "Common Stock Purchase Warrant," and a "Stock Pledge Agreement." Indeed, "'[i]nstruments may be included within any of (the Act's) definitions, as a matter of law, if on their face they answer to the name or description.'" Tcherepnin v. Knight, 389 U.S. 332, 339

(1967) (quoting S.E.C. v. C. M. Joiner Leasing Corp., 320 U.S. 344, 351 (1943) (emphasis added)). In other words, if the documents make it clear, on their face, that securities are involved, then the nature of the underlying transaction speaks for itself. Because IFS does not – and cannot – deny that the "Securities Purchase Agreement" involved the transfer of CCI stock, there are no material facts in dispute. As such, it is appropriate for the Court to rule on this issue as a matter of law. [1]

**II. Asserting an Affirmative Defense of Voidability is Sufficient to Permit the Court to Grant Summary Judgment in Favor of CCI.**

Next, IFS asserts that "CCI's Motion for Summary Judgment is fatally defective in that the claim for rescission has not been set forth in a manner which can, under these circumstances, be pursued through a Motion for Summary Judgment." (IFS Memo. at 12.) IFS cites no authority for this proposition, presumably because none exists.

In Couldock & Bohan, Inc. v. Societe Generale Securities Corp., 93 F. Supp. 2d 220, 222 (D. Conn. 2000), a plaintiff asserted a claim for breach of contract against the defendant. The defendant argued in its motion for summary judgment that the subject contract, which the plaintiff alleged was breached, was void for illegality because, among other reasons, the plaintiff was not a registered broker/dealer as required by federal securities law. Id. The Court granted summary judgment to the defendant on all counts of the complaint, including the breach of contract claim, holding that "performance of the [contract] involved violations of the Act and therefore is void pursuant to Section 29(b)." Id.

Likewise, CCI should prevail on its motion for summary judgment based on the fact that the contract, which IFS claims was breached, is void and/or voidable pursuant to Section 29(b)

---

[1] If necessary, CCI can provide this Court with a full copy of the closing documents in the above-referenced transaction, including the "Securities Purchase Agreement," the "Common Stock Purchase Warrant," and the "Stock Pledge Agreement."

of the Act, 15 U.S.C. § 78cc(b). Thus, just as the defendant did in Couldock, CCI should prevail on its motion for summary judgment on these grounds. CCI also incorporates by reference the argument made in its original memorandum.

**III. The Undisputed Facts Established to Date are Insufficient to Satisfy IFS's Burden of Proof on the Allegations in Count IV of the Complaint.**

Lastly, CCI respectfully submits that this Court can also grant summary judgment as to Count IV of the Complaint. IFS bears the burden of proving the claims asserted in Count IV. The undisputed facts established to date do not satisfy IFS' burden to show that CCI engaged in any fraud, that CCI breached a fiduciary duty owed to IFS, or that CCI caused interference with any of IFS' advantageous relations. If the underlying contract is void and/or voidable, for reasons set forth herein and in CCI's original memorandum, then none of the other claims in IFS' Complaint can or should be successful under the facts present in this summary judgment record.

**Conclusion**

For reasons set forth herein and in CCI's original memorandum, summary judgment in favor of CCI should be granted as a matter of law.

CCI GROUP, INC.

By its Attorneys,

Mark W. Freel (#4003)
Jillian S. Folger-Hartwell (#6970)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of August 2005, I caused a true copy of the within Reply to be delivered by regular mail, postage prepaid, to:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
P. O. Box 622
7454 Post Road
North Kingstown, RI 02852
(401) 885-7199 (fax)

J. J. Hartwell