RECEIVED

SEP 08 2005

DAVID L. MARTIN, U.S. MAGISTRATE JUDGE
U.S. DISTRICT COURT, DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INDEPENDENT FINANCIAL SERVICES, INC.,
Plaintiff,
v.
CCI Group, Inc.,
Defendant.

C.A. No. 04-378-L

ORDER

After hearing held August 17, 2005 on Plaintiff, Independent Financial Services, Inc.'s ("IFS"), Motion to Compel, and after hearing arguments thereon, it is hereby ORDERED as follows:

1. IFS' Motion to Compel further Answer to Interrogatory No. 9 is DENIED IN PART and GRANTED IN PART as follows: Defendant CCI Group, Inc. ("CCI") shall provide a further Answer to Interrogatory No. 9 in which it shall provide a breakdown of the sums raised for the benefit of CCI as inquired in the Interrogatory, which breakdown shall include: a) the entity or source of the funding/financing; b) the amount of the funding/financing; c) the date of the funding/financing; and d) a description of the document(s) that set the fee or compensation to McGinn, Smith for such transaction. To the extent that the disclosure of any such information shall be contrary to any existing agreement between CCI and such funding /financing source, CCI shall provide the information to the extent not so contrary and advise, in its further Answer, of the general nature of the information withheld with sufficient specificity to enable IFS, if it chooses, to file such Motions as it deems appropriate to discover such withheld information.

2. IFS' Motion to Compel further Answer to Interrogatory No. 24 is DENIED IN PART and GRANTED IN PART as follows: CCI shall provide a further Answer to Interrogatory No. 24 which identifies projects for which it considered using funds generated by the Laurus transaction and placed in the so-called Restricted Account, notwithstanding the fact that such funds were not ultimately used to fund such projects.

3. IFS' Motion to Compel further Answer to Interrogatory No. 13 is DENIED IN PART and GRANTED IN PART as follows: CCI shall provide a further Answer to Interrogatory No. 13 as if the Interrogatory were limited to inquiring about "any CCI tax return," rather than

"any tax return."[1]

4. IFS' Motion to Compel further Production in response to Request for Production No. 20 is GRANTED IN PART and DENIED IN PART as follows: CCI shall produce copies of all versions of fee agreements which have existed between McGinn, Smith and CCI that have not previously been produced including related to transactions other than the Laurus transaction. CCI shall produce such documents as are in its care, custody and control and, to the extent that such documents are not within the care, custody or control of CCI, but exist, CCI shall make reasonable efforts to request such documents from McGinn, Smith.

5. The remainder of IFS' Motion to Compel is passed.

6. CCI shall comply with this Order on or before September 23, 2005.

ENTER: David L. Martin USMJ 9-8-05 BY ORDER: [signature]

Presented by,

[signature]

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

Date: 8/6/05

[1] The Interrogatory, so revised, is as follows: Interrogatory No. 13: Was any income to or withdrawal from any account inquired into in Interrogatory No. 12 reported on any CCI tax return? If so, state the name of the taxpayer, the form on which such information was reported, the amount reported and the description, including text, form and line where such income/withdrawal was reported. Include in your response any reported sum which includes funds used from any such account for any purpose

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 6 day of August, 2005, to the following attorney(s) of record:

Mark W. Freel
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903