UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

INDEPENDENT FINANCIAL SERVICES, INC., )
Plaintiff, )
v. ) C.A. No. 04-378-L
CCI Group, Inc., )
Defendant. )

INDEPENDENT FINANCIAL SERVICES' MOTION FOR SANCTIONS

Plaintiff, Independent Financial Services, Inc. ("IFS"), hereby moves, pursuant to Rule 37(B)(2), Fed. R. Civ. Proc., that default enter against Defendant CCI Group, Inc. for failure to comply with this Court's September 8, 2005 Order.

In support of this Motion, the Court is respectfully referred to the Memorandum in Support of Independent Financial Services' Motion for Sanctions, filed together with this Motion.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 9/27/05

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 27 day of Sept, 2005, to the following attorney(s) of record:

Mark W. Freel (#4003)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF INDEPENDENT FINANCIAL SERVICES' MOTION FOR SANCTIONS**

## I. INTRODUCTION

This matter relates to an Agreement between Plaintiff, Independent Financial Services, Inc. ("IFS"), which is in the business of finding financing for other businesses, and Defendant, CCI Group, Inc. ("CCI"), which aspires to be in the business of operating a membership vacation club at resorts which it hopes to own. At present, CCI, upon information and belief, owns a single property, has no current plans to market memberships and has just lost a deal valued at approximately $27,000.000.00. To date, by all indications, the only 'real' business CCI has done is raise money, pay its employees and enrich its Chairman's 'other' employer, McGinn, Smith, and other lenders/financing entities through substantial payments for raising capital.

Recently, Mr. Casolo rather mysteriously (at the hearing on the Motion to Compel) was announced to have left McGinn, Smith. That mysterious departure was recently explained in CCI's Quarterly Report filed on September 23, 2005, which reveals that Mr. Casolo is now employed by Westrock Advisors, Inc. Westrock, it is also now revealed, has replaced McGinn, Smith as the capital raising entity for CCI. Notably, Mr. Casolo's departure from McGinn, Smith was cited as

a reason that CCI might not be able to produce documents at issue in discovery disputes then pending.

To put this background in context relative to the claims in this suit, IFS alleges that it successfully arranged a $10,500,000.00 financing with an entity which manages various offshore funds, Laurus Master Funds. IFS contends that, as a result, it is entitled, pursuant to its written Agreement, to a cash payment of $420,000.00 and to 2% of the then (as of closing) existing stock. CCI failed to make those payments and contends, in defense of this suit, that it is not obligated for a variety of reasons. Among them: IFS was required to be a registered broker-dealer and, not being so registered, the Agreement is voidable (this issue is addressed in a pending Motion for Summary Judgment); that IFS did not earn its payment; and that CCI did not "draw down" the funds, or at least some of them, which CCI alleges is a prerequisite to IFS' earning it payment.

During the course of discovery, CCI has pursued written and deposition discovery and participated in responding to written discovery, produced a witness to testify for the company and attended a fact witness deposition in Manhattan. IFS conferred with CCI's counsel and a number of discovery responses were supplemented. Thereafter, IFS filed its Motion to Compel and, prior to hearing, additional agreement was reached regarding supplementation of CCI's responses. The remaining matters in dispute went to hearing and, of the four matters at issue, this Court granted IFS' Motion, in part, as to each such matter. Supplemental responses were required by September 23, 2005.

No responses required by this Court's Order have been received.

## II. ARGUMENT

The additional information which this Court ordered to be produced related to the issues of: whether the funds which IFS obtained were used; if not used, whether there are facts which would

estop CCI from denying such funds were used; whether CCI's other funding arrangements and relationship with McGinn, Smith affect CCI's claim that the IFS/CCI Agreement is voidable; whether the CCI/McGinn, Smith relationship defeats claims that IFS did not 'earn' its pay and/or defeat CCI's claim that IFS was required to be a registered broker-dealer (if otherwise required). The further information includes the tax reporting of the funds which CCI claims never to have "drawn down," and information regarding CCI's closely guarded, longstanding, incestuous relationship with both McGinn, Smith and Mark Casolo, CCI's Chair and McGinn, Smith's Vice-President.

IFS believes that the additional discovery will show that virtually the only beneficiary of CCI's multi-million dollar cash raises have been McGinn, Smith and Mr. Casolo and that the company, as noted in its most recent Quarterly Report, otherwise bleeds red ink. This information is critical to IFS' response to each of CCI's various defenses. Despite discovery requests and a Court Order, CCI has doggedly refused to provide basic factual information which goes directly to each and every one of its claimed defenses in this matter. CCI has otherwise provided discovery but, as to the central issues, has attempted to hide the ball in direct contravention of the letter and spirit of Rule 26 and in violation of this Court's Order pursuant to Rule37.

Pursuant to Rule 37(b)(2), this Court has substantial discretion in enforcing its Rule 37 Order, which include, but are not limited to:

> (A) an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;
>
> (B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;
>
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

In this case, respectfully, IFS believes that default is the appropriate sanction. CCI's defense in this matter is an inappropriate game of hide and seek in which it raises a number of shields in its defense, but refuses to permit IFS to look behind those shields to determine if they are substantial or not. Where CCI has failed and refused to expose the facts relevant to all of its defenses, IFS respectfully submits that default is the appropriate remedy. Were the Court to apply the suggested alternative in Rule 37 of striking defenses, precluding claims or taking facts as established, the practical result, IFS respectfully submits, would be the same:

- CCI has refused to reveal information regarding tax issues on the Laurus Funds money. The closing documents unambiguously state that the money will be wired into an account at North Fork Bank under the name of CCI, subject to an account restriction. Despite that, CCI doggedly insists that it did not 'receive' the Laurus Funds. Based on this, the 'failure to draw down' defense should be precluded, establishing IFS' right to its payment.

- CCI has refused to reveal its funding arrangements and the deals it has considered and pursued. It is clear that Mr. Casolo and his McGinn, Smith have been paid what appear to be millions of dollars for its efforts, including for its part in the Laurus deal, but CCI will not reveal the shell game whereby CCI returned funds to Laurus and, apparently, replaced them with funds out of which McGinn, Smith got a bigger cut than it did from the Laurus Funds. CCI has revealed nothing about Mr. Casolo's recent switch to a new company and the apparently concurrent switch to that company as the new cash raising source for CCI. These failures prevent IFS from learning the very facts which would potentially defeat CCI's claims that IFS was required to be a broker-dealer (even if this transaction were a securities transaction) and from discovering fact which would establish equitable defenses to any claim that the Agreement between IFS and CCI could be voided. In light of this, CCI's defense that the Agreement is voidable should be stricken. In addition, the suggestion that IFS did nothing to arrange the financing is deeply affected by factual information concerning what McGinn, Smith was paid to do. Having failed to produce information concerning the CCI/McGinn, Smith agreements, CCI should be precluded from its claim that the Agreement is voidable and from claiming that IFS did not earn its compensation.

In sum, the appropriate remedy, IFS believes, cuts the legs out of all of CCI's defenses in this matter, making entry of default appropriate in this case.

One final point which bears noting is that, as of the drafting of this Memorandum, CCI's

counsel has filed a Motion to Withdraw citing a failure to cooperate and, apparently, a failure to pay for legal services. The reasons asserted in support of the Motion to Withdraw are consistent with CCI's apparent *modus operandi* of failing to live up to its financial obligations, except to McGinn, Smith and its employees. CCI has, now, added the failure to comply with Court Orders to its repertoire. IFS is concerned that CCI's actions evidence a deliberate effort to hinder discovery, delay this case and otherwise impair and impede the progress of this matter to resolution. IFS respectfully submits that, given the totality of circumstances as set forth herein, default is an appropriate remedy in this matter.

## III. CONCLUSION

For the foregoing reasons, IFS respectfully prays that default enter against CCI.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 9/27/05

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 27 day of Sept, 2005, to the following attorney(s) of record:

Mark W. Freel (#4003)
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RECEIVED

SEP 08 2005

DAVID L. MARTIN, U.S. MAGISTRATE JUDGE
U.S. DISTRICT COURT, DISTRICT OF RHODE ISLAND

INDEPENDENT FINANCIAL SERVICES, INC.,

Plaintiff,

v.

CCI Group, Inc.,

Defendant.

C.A. No. 04-378-L

## ORDER

After hearing held August 17, 2005 on Plaintiff, Independent Financial Services, Inc.'s ("IFS"), Motion to Compel, and after hearing arguments thereon, it is hereby ORDERED as follows:

1. IFS' Motion to Compel further Answer to Interrogatory No. 9 is DENIED IN PART and GRANTED IN PART as follows: Defendant CCI Group, Inc. ("CCI") shall provide a further Answer to Interrogatory No. 9 in which it shall provide a breakdown of the sums raised for the benefit of CCI as inquired in the Interrogatory, which breakdown shall include: a) the entity or source of the funding/financing; b) the amount of the funding/financing; c) the date of the funding/financing; and d) a description of the document(s) that set the fee or compensation to McGinn, Smith for such transaction. To the extent that the disclosure of any such information shall be contrary to any existing agreement between CCI and such funding /financing source, CCI shall provide the information to the extent not so contrary and advise, in its further Answer, of the general nature of the information withheld with sufficient specificity to enable IFS, if it chooses, to file such Motions as it deems appropriate to discover such withheld information.

2. IFS' Motion to Compel further Answer to Interrogatory No. 24 is DENIED IN PART and GRANTED IN PART as follows: CCI shall provide a further Answer to Interrogatory No. 24 which identifies projects for which it considered using funds generated by the Laurus transaction and placed in the so-called Restricted Account, notwithstanding the fact that such funds were not ultimately used to fund such projects.

3. IFS' Motion to Compel further Answer to Interrogatory No. 13 is DENIED IN PART and GRANTED IN PART as follows: CCI shall provide a further Answer to Interrogatory No. 13 as if the Interrogatory were limited to inquiring about "any CCI tax return," rather than

"any tax return."[1]

4. IFS' Motion to Compel further Production in response to Request for Production No. 20 is GRANTED IN PART and DENIED IN PART as follows: CCI shall produce copies of all versions of fee agreements which have existed between McGinn, Smith and CCI that have not previously been produced including related to transactions other than the Laurus transaction. CCI shall produce such documents as are in its care, custody and control and, to the extent that such documents are not within the care, custody or control of CCI, but exist, CCI shall make reasonable efforts to request such documents from McGinn, Smith.

5. The remainder of IFS' Motion to Compel is passed.

6. CCI shall comply with this Order on or before September 23, 2005.

ENTER: David L. Martin USMJ 9-8-05 BY ORDER: [signature]

Presented by,

[signature]

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

Date: 9/6/05

[1] The Interrogatory, so revised, is as follows: Interrogatory No. 13: Was any income to or withdrawal from any account inquired into in Interrogatory No. 12 reported on any CCI tax return? If so, state the name of the taxpayer, the form on which such information was reported, the amount reported and the description, including text, form and line where such income/withdrawal was reported. Include in your response any reported sum which includes funds used from any such account for any purpose