**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 04-0378-L |
| CCI GROUP, INC., | : | |
| Defendants. | : | |

**DEFENDANT CCI GROUP'S SECOND SUPPLEMENTAL RESPONSES TO PLAINTIFF'S INTERROGATORIES**

Pursuant to this Court's Order, dated September 8, 2005 and Rule 33 of the Rules of Civil Procedure, Defendant CCI Group, Inc. ("CCI") hereby supplement's its responses to Plaintiff Independent Financial Services, Inc.'s ("IFS") Interrogatories.

**General Objections**

1. Defendant objects to the following interrogatories to the extent that they seek the disclosure of any information protected by the attorney-client privilege and/or the work product doctrine.

**Interrogatories**

**Interrogatory No. 9:** Describe in detail all services provided to CCI Group, Inc. by Mark Casolo, in any capacity, in the last five (5) years, including the payment, whether in cash or otherwise, for such services.

**OBJECTION:** CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. A description of any and all services provided to CCI by Mark Casolo over the last five (5) years has no bearing on whether CCI has breached a separate and unrelated contract with IFS, and

whether IFS is entitled to payment of a fee pursuant to that agreement under the factual circumstances present in this case. Moreover, specific facts concerning Casolo's compensation are inherently private and confidential in nature and bear no relationship to the facts at issue in this litigation.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, CCI incorporates by reference the deposition testimony of Mark Casolo, which addresses his employment relationship with CCI.

**SUPPLEMENTAL RESPONSE:** McGinn, Smith raised approximately $9.4 million for CCI as an investment banking client of the firm, over and above the funds raised as a result of the Laurus transaction on July 29, 2004. McGinn, Smith raised the aforementioned funds from the following sources:

a. Atlantis Strategic Total Return Fund, LLC – $1,900,00.00;

b. Atlantis Income Investors – $2,265,750.00;

c. MS Real Estate Capital Partners, LLC – $2,216,000.00;

d. First Excelsior Income Investors, LLC – $500,000.00;

e. First Independent Income Investors –$500,000.00;

f. Seventeen individual investors in subordinated notes – $677,000.00; and

g. Fourteen equity investors in the initial private placement in 2002 – $1,300,000.00.

In return for their cash investment, the investors were provided securities in the form of subordinated notes, bearing a yield of 12%, with a maturity of five years, and a detachable warrant. As a result of any of the aforementioned investments, McGinn Smith was compensated consistent with the version of its engagement letter with CCI then in effect. Copies of all such engagement letters have been produced.

**Interrogatory No. 13:** Was any income to or withdrawal from any account inquired into in Interrogatory No. 12 reported on any tax return? If so, state the name of the taxpayer, the form on which such information was reported, the amount reported and the description, including text, form and line where such income/withdrawal was reported. Include

in your response any reported sum which includes funds used from any such account for any purpose.

**OBJECTION:** CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. CCI further objects to the foregoing interrogatory on grounds that it seeks information concerning tax returns that is inherently confidential and private in nature.

**SUPPLEMENTAL RESPONSE:** No.

**Interrogatory No. 16:** Describe any and all instances in the last five (5) years in which CCI Group, Inc. has been a party to any lawsuit or other legal proceedings. As to each such proceeding or suit, describe the nature of the proceeding, the court or other forum in which it was filed or initiated, the names of the other parties, and the outcome of any such proceeding.

**OBJECTION:** CCI objects to the foregoing interrogatory on grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Any prior litigation to which CCI may have been a party would have no bearing on the question of whether IFS is entitled to a fee in this case, based on the facts and circumstances present in this situation.

**RESPONSE:** Notwithstanding the foregoing objection, and without waiving same, CCI incorporates by reference deposition testimony given by Mark Casolo on March 31, 2005, which references certain prior litigation. Moreover, as a publicly traded company, CCI is required to make certain disclosures, and therefore incorporates any such prior disclosures by reference herein.

**SUPPLEMENTAL RESPONSE:** Other than this lawsuit, and the one described in Mark Casolo's prior deposition testimony, CCI is only aware of one other lawsuit in the past five (5) years. In that lawsuit, CCI filed a declaratory judgment action against an individual named Mike Tidd in the New York Supreme Court (Index No. 111540/03). Mr. Tidd was involved in certain aspects of the early stages of the company as an employee. Upon his departure, Mr. Tidd and CCI entered into a settlement agreement, but he nonetheless made certain subsequent claims against CCI which CCI believed were in violation of the settlement agreement. In response, CCI filed the above-referenced declaratory judgment action, which was ultimately settled by agreement of the parties, on terms favorable to CCI.

**SECOND SUPPLEMENTAL RESPONSE:** Mr. Tidd asserted claims against CCI concerning intellectual property surrounding the trade name Caribbean Clubs International.

**<u>Interrogatory No. 24</u>:** Describe any actual or potential funding from the account(s) which was funded directly or indirectly with funds from the Laurus transaction which was ever considered, scheduled, discussed or accomplished, providing, for each, the dates on which such consideration first was given and all relevant dates when any correspondence, discussion, scheduling (e.g. On October 1, 2004 a tentative closing was set for February, 2005), changes in scheduling, closing or other event occurred.

**<u>OBJECTION</u>:** CCI objects to the foregoing interrogatory on grounds that it is vague, ambiguous and unclear, and is unduly burdensome in its terms and its scope. Notwithstanding this objection, and without waiving same, CCI refers IFS to its other responses to these interrogatories, as set forth herein.

**<u>RESPONSE</u>:** Mark Casolo testified in his deposition that CCI considered using the funds in the Laurus account for a project concerning the St. James Club. This proposal, however, never received serious consideration and the parties never engaged in due diligence to evaluate this proposal. No other projects were contemplated during the relevant time period.

**VERIFICATION**

I, Mark C. Casolo, have reviewed the foregoing interrogatory responses and believe them to be true and accurate to the best of my knowledge and belief.

Mark C. Casolo

Subscribed and sworn before me this ____ day of October 2005.

STATE OF NEW YORK
COUNTY OF ALBANY

Notary Public
My Commission Expires:

As to Objections,

CCI GROUP, INC.

By its Attorneys,

Mark W. Freel (#4003)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of October 2005, I caused a true copy of the within Second Supplemental Responses and Objections to Plaintiff's Interrogatories to be sent by regular mail, postage prepaid, to:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
P. O. Box 622
7454 Post Road
North Kingstown, RI 02852
(401) 885-7199 (fax)



PRV_760973_1/JFOLGERHARTWELL