UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

INDEPENDENT FINANCIAL SERVICES' CONDITIONAL OPPOSITION TO DEFENSE COUNSEL'S MOTION TO WITHDRAW

Independent Financial Services, Inc., ("IFS") hereby conditionally opposes defense counsel's Motion to Withdraw filed on or about December 7, 2005.

Independent Financial Services, Inc. conditionally opposes the Motion to Withdraw insofar as granting such motion might result in delay of the resolution of this matter, additional discovery, or additional motions. To the extent that granting the Motion to Withdraw would not so delay or otherwise multiply the instant proceedings, Independent Financial Services does not object.

In support of this Conditional Opposition, the Court is respectfully referred to the Memorandum in Conditional Opposition to Defense Counsel's Motion to Withdraw, filed together with this Conditional Opposition.

Respectfully submitted,
Independent Financial Services, Inc.,
by its attorney,

Date: 12/15/05

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 15 day of Nov, 2005, to the following attorney(s) of record:

Mark W. Freel
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903

______________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

MEMORANDUM IN CONDITIONAL OPPOSITION
TO DEFENSE COUNSEL'S MOTION TO WITHDRAW

Independent Financial Services, Inc. conditionally opposes the Motion to Withdraw filed by Defendant's counsel on or about December 7, 2005 insofar as granting such motion might result in delay of the resolution of this matter, additional discovery, or additional motions. To the extent that granting the Motion to Withdraw would not so delay or otherwise multiply the instant proceedings, Independent Financial Services does not object.

1. Introduction.

This matter was commenced with the filing of a Complaint in September of 2004. A Rule 16 Conference was held in or around October of 2004 whereby discovery was set to close on May 27, 2004 and pretrial memos were due in June 30, 2004. Thereafter, discovery proceeded. Defendant conducted whatever discovery it deemed appropriate, and otherwise participated fully in those proceedings which it deemed advantageous to its defense. Defendant raised numerous objections to discovery which were the subject of two Motions to Compel, both resulting in Orders that Defendant produce additional discovery.

Defendant thereafter sought to extend the time for filing dispositive motions until June 26,

2005, a request which IFS did not object to. Defendant did, in fact, file a Motion for Summary Judgment towards the end of June, and IFS filed its opposition in early July.

In September of 2005, defense counsel filed a previous Motion to Withdraw, stating as grounds what can easily be interpreted as the failure of Defendant to pay its legal fees, as well as an unspecified breakdown in communications. At the time the Motion was filed, upon information and belief, Defendant had failed to supplement discovery as required by this Court's Order and IFS had filed a Motion for Sanctions. Ultimately, Defendant did supplement its discovery responses, and the Motion for Sanctions was withdrawn by IFS.

Upon information and belief, a hearing on the Motion for Summary Judgment was delayed as a result of the filing of the initial Motion to Withdraw by defense counsel. The Motion to Withdraw which was originally filed was then, itself, withdrawn, the Motion for Summary Judgment was scheduled and defense counsel appeared and argued the Motion for Summary Judgment. The Motion for Summary Judgment was denied and the instant, 'renewed' Motion to Withdraw was filed.

2. <u>The Instant Motion.</u>

The instant Motion to Withdraw cites Rhode Island Disciplinary Rule 1.17(b)(4), and states that the Motion to Withdraw is made "because there has been a breakdown of the attorney/client relationship, and because of the client's failure to comply with the terms of the engagement letter by paying for services rendered on a timely basis." No details are provided concerning what the terms of the engagement letter were, what the outstanding balance is, or otherwise illuminating those facts which would establish whether good cause exists, in this case, to grant the Motion to Withdraw. Furthermore, the exact nature and basis of the "breakdown of the attorney/client relationship" is unexplained. What can be concluded from the Memorandum is that defense counsel has not been

paid in full and there are problems between counsel and client.

3. Applicable Law.

Defense counsel accurately cites Rule 1.17, which specifies various reasons attorneys *may* rely on to withdraw from representation. However, the recitation of reasons set forth in defense counsel's Memorandum does not permit this court, or IFS, to determine whether the client's failure to fulfill its financial obligations is "substantial," as required by the Rule. Furthermore, defense counsel fails to note that subparagraph (c) of the Rule states that "when ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation."

Local rule 6(d) requires that withdrawal, absent entry of new counsel, be by way of Motion, as defense counsel has filed in this case. The amended Local Rules, which will be effective in January, require that an attorney seeking to withdraw by way of Motion must certify that the client has been advised that "any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matter scheduled in the case."

The Rhode Island Supreme Court, in the case of *Carter v. Dworkin*, 561 A.2d 389 (R.I. 2003), stated that "the grant or denial of a motion to withdraw rests within the sound discretion of the trial justice, and depends on such considerations as the reasons necessitating the withdrawal, the efficient and proper operation of the court, and the effect that granting or denying the motion will have on the parties to the litigation." *Carter*, at 391.

Thus, it is clear that the reasons upon which defense counsel relies support only permissive withdrawal in the Court' discretion.

4. Argument.

Defendant in this matter (not defense counsel), it appears to IFS, has sought to orchestrate

this litigation to its advantage and, IFS believes, seeks to delay resolution of this matter through the selective payment of its legal bills.

Defendant managed to pay its bills sufficiently to conduct whatever discovery it needed, to file a Motion for Summary Judgment, to raise extensive objections to discovery, to appear and argue (largely unsuccessfully) against further discovery in response to Motions to Compel and, in effect, appears to have only shut off the money spigot when it had accomplished that which it deemed to its own advantage. Thereafter, when its failure to pay its bills resulted in defense counsel filing the initial Motion to Withdraw, Defendant apparently managed to find sufficient money to entice Defense counsel to argue the Motion for Summary Judgment. Thereafter, apparently, Defendant promptly ceased the money flow once again, resulting in the instant Motion.

By contrast, IFS has never sought to delay the resolution of this matter in any manner. While defendant had the right to file a Motion for Summary Judgment, that Motion was, respectfully, factually and legally extremely tenuous. As IFS noted *last July*, in opposing the Motion for Summary Judgment, Defendant did not include in its Answer a Counterclaim for rescission. Notwithstanding that assertion, last summer, Defendant failed to Move to Amend. Even when the Court noted the significance of the failure to assert a Counterclaim for rescission, defendant *still* did not move to Amend the Answer. IFS is concerned that, having delayed this proceeding since last Summer, Defendant is 'holding' the potential of a Motion to Amend (which IFS believes would, at this point, be untimely) as another card to play in an effort to delay this matter proceeding to resolution.

5. Conclusion.

IFS' chief concern is that, if defense counsel is permitted to withdraw, that that withdrawal not result in substitute counsel entering, seeking to reinvent the wheel by reopening discovery,

seeking additional time to get up to speed on the file, filing additional motions, or otherwise delaying resolution of this matter. As it stands, IFS is ready to move this matter along. For that reason, IFS has conditionally objected to the Motion to Withdraw only to the extent that such Motion might lead to further delays in the resolution of this matter.

Respectfully submitted,
Independent Financial Services, Inc.,
by its attorney,

Date: 12/15/05

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 15 day of Dec., 2005, to the following attorney(s) of record:

Mark W. Freel
Edwards & Angell, LLP
2800 Financial Plaza
Providence, R.I. 02903