UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | : | |
| Plaintiff | : | |
| v. | : | C.A. No. 04-0378-L |
| CCI GROUP, INC., | : | |
| Defendants | : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**

The undersigned counsel for Defendant CCI Group, Inc. ("CCI") submits this reply memorandum in further support of his motion to withdraw as counsel of record in this matter for CCI. In large part, the undersigned counsel submits this memorandum to respond to certain claims and assertions made by counsel for Plaintiff Independent Financial Services, Inc. ("IFS") in his "conditional" opposition to the motion to withdraw.

**A. Counsel Cannot Fully Disclose the Grounds for the Motion**

IFS complains that counsel for CCI has not fully explained or outlined the nature of the breakdown in the attorney-client relationship, and has not provided an adequate basis to establish the "substantial" nature of the underlying problems, consistent with the applicable Rules of Professional Conduct. As counsel for IFS is undoubtedly aware, however, counsel for CCI can only make limited disclosures consistent with the attorney-client privilege. Counsel for CCI is not at liberty to fully disclose any and all aspects of the prior communications with his client.

It should nonetheless be clear from the recent history of this matter that counsel for CCI has, at certain times, encountered difficulty in securing the participation or cooperation of representatives of CCI. That is certainly an indication of a breakdown in the relationship, and evidence of a concomitant breakdown in counsel's ability to represent CCI's interests adequately. With regard to the outstanding financial obligations pending between CCI and its counsel, the undersigned is prepared to advise this Court of the nature and magnitude of the unpaid balance at the hearing on this motion. Counsel can assure this Court that the balance is "substantial." A copy of CCI's original engagement letter with counsel is attached hereto as Exhibit A. In cases in which a client is clearly unwilling or unable to pay for an attorney's ongoing services, consistent with an original retainer agreement such as this, it is well established that a motion to withdraw can and should be granted. See e.g., Lieberman v. Polytop Corp., 2 Fed. Appx. 37, 2001 WL 196759 (1st Cir. Feb. 21, 2001). If necessary, the undersigned counsel is also prepared to show this Court prior correspondence in which counsel has given CCI notice of his intent to withdraw absent cooperation and/or payment of fees, and in which CCI has stated an inability to pay such fees.

**B. Local Rule/Further Delay**

Counsel for IFS also argues that, consistent with the newly amended Local Rules, counsel for CCI must certify that his client has been advised that "any failure or delay in retaining substitute counsel may not be considered grounds for delaying the trial or any other matter scheduled in th[is] case." Attached hereto is Exhibit B is a letter in which counsel for CCI has so advised CCI.

IFS also argues that the prospects for possible further delay in this case should be considered by this Court as grounds for denying this motion to withdraw. However, the undersigned counsel does not accept that premise, and respectfully submits that as a matter of fundamental fairness, he should not be compelled to perform services for a client that has demonstrated a repeated unwillingness or inability to cooperate in this litigation and pay the reasonable fees associated with that litigation. In such a case, fairness require that counsel be released from any such obligations. The question of how quickly this case may be pushed forward to a trial on the merits of IFS' claim is an entirely separate matter, and one that can be addressed as appropriate between and among this Court, counsel for IFS, and CCI or its substitute counsel.

**C. The "Orchestration" Defense**

Finally, in a series of completely unfounded assertions, counsel for IFS alleges that CCI is "orchestrating" this entire problem by selectively refusing to pay its counsel fees, in order to delay this case. There does not appear to be any factual basis for this argument, other than IFS' own inferences and assumptions. However, even assuming that such an allegation is true, that can be addressed by forcing CCI, the allegedly culpable party, to be prepared for a trial on the merits at some future date. Instead, counsel for IFS seems to want to punish the undersigned counsel for these imagined or perceived "orchestrations." For reasons set forth above, that is entirely unfair and unwarranted, and counsel should be released from any further obligations to CCI.

CCI GROUP, INC.

By its Attorneys,

Mark W. Freel (#4003)
Jillian S. Folger-Hartwell (#6970)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, Rhode Island 02903
(401) 274-9200
(401) 276-6611 Telecopy

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of January 2006, I caused a true copy of the within Reply Memorandum in Support of Motion to Withdraw to be delivered by telecopy and regular mail, postage prepaid, as follows:

Jeffrey S. Michaelson, Esq.
Michaelson & Michaelson
P. O. Box 622
7454 Post Road
North Kingstown, RI 02852