UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

MOTION TO STRIKE AND CONDITIONAL OPPOSITION[1] TO 'MOTION FOR LEAVE TO FILE COUNTERCLAIM'

Independent Financial Services, Inc.("IFS") hereby Moves to Strike, and conditionally opposes the "Motion for Leave to File Counterclaim" filed by Defendant in this matter on or about March 31, 2006.

In support of this opposition, the court is respectfully referred to the Memorandum in Support of Motion to Strike and Conditional Opposition to Motion for Leave to File Counterclaim, filed together with this Motion.

Date: 4/10/06

Respectfully submitted,
Independent Financial Services, Inc.,
By its attorney,

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

[1] Defendant did not seek leave of Court to file the "Motion," as required by the Pretrial Order, which is the basis of the Motion to Strike. If the Court is inclined to consider the "Motion" nevertheless, IFS opposes the Motion on the merits, but would request additional time to submit a Memorandum of Law more extensively addressing the legal standards for considering a Motion to Amend.

CERTIFICATE OF SERVICE

I hereby certify that I caused a copy of the foregoing document to be mailed, first class mail, postage prepaid, to the following attorneys of record this 11 day of April, 2006:

Dennis J. Roberts II
40 Westminster Street, Ste. 305
Providence, R.I. 02903-2525

______________________________

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND CONDITIONAL OPPOSITION TO MOTION FOR LEAVE TO FILE COUNTERCLAIM

### I. INTRODUCTION

Suit was commenced by Independent Financial Services, Inc. ("IFS")against CCI Group, Inc. ("CCI") on or about September 1, 2004. This suit, generally, alleges that CCI Group failed to pay IFS a fee in connection with a $12,500,000.00 financing which IFS arranged.

In its Answer, filed October 13, 2004, CCI asserted various defenses, including an affirmative defense that it was not liable to pay the fee because IFS was not a federally registered securities broker/dealer. Notably, CCI did not assert a counterclaim for rescission.

CCI moved for Summary Judgement on or about June 21, 2005. In response, on or about July 8, 2005, IFS filed its Opposition and, in that Opposition, pointed out that the law is clear that an affirmative defense based upon the lack of licencing as a securities broker/dealer is insufficient as a matter of law: "In this case, *there is no claim for rescission.* Such a claim, in order to be pursued, should be asserted as an affirmative counterclaim – a claim by a party that it is entitled to, and wishes to, void a contract pursuant to the law."

The Court ultimately denied the Motion for Summary Judgement and, in so doing,

commented from the bench that an affirmative defense based upon a lack of licensing was legally insufficient and that, as IFS' counsel understood it, a counterclaim would have to be asserted, which be subject to various equitable defenses. That ruling was made on November 16, 2005.

No Motion to Amend to Add a Counterclaim was ever filed. CCI has now filed a "Motion for Leave to File Counterclaim," along with its ***Pretrial Memorandum*** filed on March 31, 2006, some eight and a half months after this issue was squarely brought to its attention.

Discovery in this matter was controlled by a November 22, 2004 Pretrial Order which set the discovery deadline for May 27, 2005. Thereafter, CCI moved to extend the time to file its Motion for Summary Judgment through June 26, 2005, which was beyond the permitted time to file such Motions. The Court granted that extension. IFS opposed the Motion for Summary Judgment without seeking any extension. Thereafter, CCI's counsel moved to withdraw from the case on September 23, 2005. That Motion to Withdraw, upon information and belief, delayed consideation of the Motion for Summary Judgment. On October 17, 2005, the Motion to Withdraw was, itself, withdrawn, and it was another month before the Motion for Summary Judgment was heard.

Following denial of the Motion for Summary Judgment, a renewed Motion to Withdraw was filed on December 17, 2005 and ultimately granted on January 18, 2006.

The case was conferenced on February 28, 2006, and both parties reported discovery was closed and the case ready for trial. On March 1, 2006, the Court issued its Amended Pretrial Order. That Order provided that discovery was closed and that no Motions could be filed more than ten days from the close of discovery without leave of Court. Pretrial Memoranda were due on or before March 31, 2006.

Both parties timely filed their Pretrial Memoranda, but Defendant, in addition, filed a "Motion for Leave to File Counterclaim." Defendant did not have leave of Court to file such a

Motion and did not accompany the Motion with a Memorandum of Law in support thereof.

## II. ARGUMENT

### A. Defendant Did Not Seek Leave Of Court To File The "Motion."

The Court's Pretrial Order is clear. No Motion may be filed absent leave of Court more than ten days from the close of discovery. Here, the failure to seek and obtain such leave is sufficient reason, respectfully, to deny the Motion.

### B. Defendant Has Failed To Establish Legally Sufficient Cause To Grant The "Motion."

Defendant did not file a Memorandum in Support of the Motion which would even conceivably establish good cause not only for the sought amendment but to establish any justifiable cause for the years long failure to address this issue sooner.

### C. Permitting Amendment At This Point Would Be Extraordinarily Prejudicial.

This matter is ready for trial, and the 'defense' related to broker/dealer licensing simply is not part of the case. IFS' Pretrial Memorandum was prepared after extensive file review, determinations of what witnesses would testify as to which subjects, determination of which exhibits would be appropriate to establish the claims and confront the defenses which are in the case.

Were the Defendant permitted to add the Counterclaim it seeks, a whole new dimension would be added to the case. Not only would that entail a complete file review, designation of new testimony and exhibits and other reinvention of the wheel at this incredibly late date, but it would likely require IFS to seek additional discovery.

In this matter, CCI was extremely resistant to producing any discovery which went beyond the four corners of the Laurus transaction where IFS alleges it earned its fee. IFS filed a complex Motion to Compel which was granted in large part, and denied in substantial part, particularly as related to the activities of CCI's Chairman, Mark Casolo, Casolo, in addition to his CCI job, was

also a Principal of an investment banking firm, McGinn, Smith, which was CCI's chief money finder, earning substantial fees for its efforts. Casolo was also a hedge fund manager heavily invested in CCI, which, IFS believes, resulted in more fees to Casolo, both as a manager and as the investment banker. Casolo recently moved to Westrock Advisors, and took the CCI agreement of fees for money with him. Casolo's conflict-ridden relationship includes, specifically, an incentive to use funds other than the Laurus funds for CCI, because he and his non-CCI companies get a 10% cut of any money raised for CCI on 'non-Laurus' money. As to the Laurus funds, Casolo's companies were to get only 4% and IFS 4%.

Casolo's tangled web, which CCI fought tooth and nail to keep in the shadows, would be critical to the kinds of equitable defenses which IFS would raise in opposing any Counterclaim for rescission. However, because there was no counterclaim for rescission, IFS was handicapped in pressing for additional discovery which could support such a defense.

In addition, numerous events which would conceivably support such equitable defenses occurred *after* the close of discovery. Because there was no Counterclaim for rescission, IFS did not seek additional discovery related to these points which include, for example, CCI 'returning' money to Laurus which it would only have to pay McGinn, Smith a 4% fee on so it could use 'new' money which it would have to pay McGinn, Smith a 10% fee on – 2% more than the *combined* fee for CCI *and* IFS on the Laurus Funds. This astonishing breach of fiduciary duty by an interest-conflicted officer of CCI is important fodder for any equitable defense to a claim of rescission. In addition, this type of discovery potentially impeaches much of Mr. Casolo's self-serving testimony regarding supposed statements by IFS' principal.

In sum, CCI seeks to add a Counterclaim on the eve of trial after having successfully evaded discovery on the very issues which would address the Counterclaim by IFS. This scenario, if

permitted, would be extraordinarily prejudicial to IFS. There is no good reason for CCI to have failed to raise a Counterclaim, if it chose to, in the first instance, or to have waited so long to seek to amend its Answer to add one now.

III. CONCLUSION

For the foregoing reasons, Independent Financial Services, Inc. prays that this Court strike the Motion for Leave to File Counterclaim or, if considered on the Merits, deny the Motion.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 4/10/06

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)885-7199

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular mail, postage prepaid, on this 10 day of April, 2006, to the following attorney(s) of record:

Dennis J. Roberts II
40 Westminster Street, Ste. 305
Providence, R.I. 02903-2525