UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. 04-378-L |
| CCI Group, Inc., | ) | |
| Defendant. | ) | |

INDEPENDENT FINANCIAL SERVICES' MOTION *IN LIMINE*

Plaintiff, Independent Financial Services, Inc. ("IFS"), hereby moves that this Court exclude from evidence in the trial in this matter evidence regarding whether Plaintiff is a registered broker and/or dealer with respect to regulated securities. In support of this Motion, and as set forth more fully in the Memorandum in Support of Independent Financial Services' Motion *in Limine*, filed together with this Motion, Plaintiff respectfully submits that such evidence is irrelevant to the claims in this matter.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 6/7/06

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

## CERTIFICATION

I hereby certify that a true and accurate copy of the foregoing document was mailed, by regular ~~mail, postage~~ prepaid, on this 7 day of June, 2006, to the following attorney(s) of record:

Dennis J. Roberts II
40 Westminster Street, Ste. 305
Providence, R.I. 02903-2525

Fax + hand.

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| INDEPENDENT FINANCIAL SERVICES, INC., Plaintiff, | ) |
| v. | ) C.A. No. 04-378-L |
| CCI Group, Inc., Defendant. | ) |

MEMORANDUM IN SUPPORT OF
INDEPENDENT FINANCIAL SERVICES' MOTION *IN LIMINE*

# I. INTRODUCTION

## A. Nature of Case.

This matter was commenced by Independent Financial Services, Inc. ("IFS"). IFS is in the business of, *inter alia*, providing financial advice and assistance to various individuals or entities in obtaining financing for a variety of purposes. The defendant is CCI Group, Inc. ("CCI"). CCI is in the business of owning and operating certain resort properties located in the Caribbean.

The suit alleges that IFS assisted CCI in obtaining financing from an offshore entity, Laurus Master Funds. The parties agree that the funding was ultimately accomplished, and that the documents concerning the transaction included, *inter alia*, a document denominated as a 'convertible note.'

IFS alleges, and CCI admits, that it did not pay IFS a fee for its work relative to the transaction. IFS has alleged that it is due a fee pursuant to a written agreement which the parties agree was executed by CCI and IFS.

B. Pleadings.

IFS has sued on a breach of contract theory and tort theories.[1]

In answering the Complaint, CCI raised the following affirmative defense:

First Affirmative Defense

> The Complaint must fail, in whole or in part, because any contract or agreement between CCI and IFS requiring CCI to pay fees or commissions to IFS is voidable, because the nature of the underlying transaction would require IFS to be a registered broker-dealer in order to receive such fees or commissions, and IFS is not such a registered broker-dealer.

The Answer does not contain any Counterclaims, for rescission or anything else.

C. Summary Judgment Proceedings.

CCI moved for Summary Judgment, primarily relying on its assertion that IFS would, as a matter of law, have to be a federally registered broker-dealer to prevail in this suit and, since CCI alleges that IFS was not so registered, CCI sought dismissal.

In opposing the Motion for Summary Judgment, among IFS' arguments were:

> As CCI notes, a contract in violation of the Securities Act is *voidable*. *See* CCI Memorandum, p.10. In this case, *there is no claim for rescission*. Such a claim, in order to be pursued, should be asserted as an affirmative counterclaim – a claim by a party that it is entitled to, and wishes to, void a contract pursuant to the law.
>
> In this case, there is no extant counterclaim. Instead, there is an affirmative defense that the contract is "voidable." That is, the affirmative defense asserts that the agreement is voidable, but there is no claim seeking to void the contract.
>
> Under these circumstances, IFS respectfully submits that CCI's Motion for Summary Judgment is fatally defective in that the claim for rescission has not been set forth in a manner which can, under these circumstances, be pursued through a Motion for Summary Judgment. Since there has been no such affirmative claim for relief, there

[1] A Count seeking to impose a Constructive Trust on the financed proceeds appears to no longer be viable, as, upon information and belief, the funds are no longer on deposit in a segregated account as they were at the time of the filing. In addition, a Count denominated as "Specific Performance" is, in effect, a prayer for relief which grows out of the substantive Counts.

is no basis to grant Summary Judgment against IFS on the breach of contract claim.

Memorandum in Opposition to CCI's Motion for Summary Judgment, p. 11 (footnotes omitted).

In denying the Motion for Summary Judgment, this Court addressed this procedural issue, including as follows:[2]

> THE COURT: If it's voidable, why didn't you bring a counterclaim to avoid it? It's still in existence as of now and alive and well.
>
> MR. FREEL: I understand your Honor. We did assert an affirmative defense.
>
> THE COURT: That's insufficient.
>
> MR. FREEL: Well, as I read the - -
>
> THE COURT: It's not a matter for an affirmative defense.
>
> MR. FREEL: As I read the - -
>
> THE COURT: Because it's not illegal on its face. If you say it's voidable, then you have to allege the facts that make it voidable and prove them; and that's [sic] has to be done by a separate action or by counterclaim, and you haven't done that.... (tr. pp.4-5).
>
> * * *
>
> THE COURT: ... Our Rules of Civil Procedure are very specific about what can be asserted as affirmative defenses, and one is illegality, but it has to be illegal on its face; and when its voidable, it has to be voided. It has to be rescinded, and you have to file a counterclaim, and you have the burden of proof of proving that because this contract on its face looks perfectly legal. (Tr. pp. 5-6).
>
> * * *
>
> THE COURT: There's no question that this is not an affirmative defense. You do not have an affirmative defense for a voidable contract. You do if it's void on its face or illegal on its face; but this is a claim by you that it's voidable, and you have to prove that cause of action. (Tr. pp. 7-8).
>
> * * *

---

[2] The entire transcript of the hearing has been filed with the Clerk and a copy previously provided to the Court.

> THE COURT: ... And as I stated before, it's my view that the Defendant, if it wishes to avoid this contract between the Plaintiff and Defendant to pay a fee, it has to bring an action to rescind or assert that claim by counterclaim.... (Tr. p. 27).

Since that hearing, nothing has changed in the procedural posture of the case. A Motion to Amend to Assert a Counterclaim was denied by the Court after hearing on May 10, 2006.

## II. ARGUMENT

Respectfully, IFS believes that, given the live claims in this case, the issue of whether IFS is or was a federally registered broker and/or dealer of securities is entirely irrelevant and should, therefore, be excluded from evidence in this case. As the Court noted, had the issue been raised by way of a Counterclaim, CCI would have the burden of proving facts in support of the cause of action and any Counterclaim would be subject to equitable defenses.

In this case, as IFS has argued, and the Court has commented on, discovery on potential equitable defenses was not pursued given the procedural posture of the case. In addition, if the issue of IFS' registration or non-registration as a broker-dealer were permitted in this case, a host of other issues is potentially implicated which could substantially impact the scope and nature of the evidence.

IFS submits that the Court has already determined that an affirmative defense stating that a contract is voidable, in this case, is insufficient as a matter of law and, therefore, IFS submits, is of no legal consequence to the claims in this matter. Given that the Court has further stated that, in order to be legally viable, a claim to avoid a contract, in the circumstances of this case, must be stated in a Counterclaim for rescission and given, further, that there is no such Counterclaim, IFS believes that evidence related to whether IFS was or was not a registered broker-dealer should be

excluded from evidence in this matter.[3]

III. CONCLUSION

For the foregoing reasons, IFS respectfully prays that the Court exclude from evidence in the trial in this matter evidence regarding whether Plaintiff is a registered broker and/or dealer with respect to regulated securities.

Respectfully submitted,
Independent Financial Services, Inc.
by its attorney,

Date: 6/7/06

Jeffrey S. Michaelson (#3299)
Michaelson & Michaelson
P.O. Box 622
7454 Post Road
North Kingstown, R.I. 02852
(401)295-4330
(Fax)295-5220

**CERTIFICATION**

I hereby certify that a true and accurate copy of the foregoing document was mailed, by ~~regular mail, postage prepaid~~, on this 7 day of June, 2006, to the following attorney(s) of record: Fax + hand.

Dennis J. Roberts II
40 Westminster Street, Ste. 305
Providence, R.I. 02903-2525

---

[3] IFS notes that certain evidence to be offered in this matter does make reference to federal securities law and/or documents which are in the nature of securities. To the extent that these documents are entered into evidence, IFS submits that they will be offered for reasons independent of those issues. Under no circumstances does IFS consent to trial of issues related to a claim that the IFS/CCI agreement is voidable and to the extent that any otherwise relevant evidence touches on these issues, does not believe that (particularly given the history set forth above) any amendment to conform to evidence would be supported by such evidence.