MICHAELSON & MICHAELSON

ATTORNEYS AT LAW
P.O. BOX 622
NORTH KINGSTOWN, R.I. 02852

(401)295-4330
(FAX)295-5220

JEFFREY S. MICHAELSON

JULIUS C. MICHAELSON
*Of Counsel*

OFFICE LOCATION
7454 Post Road
North Kingstown, R.I. 02852

April 18, 2007

RECEIVED

APR 19 2007

DAVID L. MARTIN, U.S. MAGISTRATE JUDGE
U.S. DISTRICT COURT, DISTRICT OF RHODE ISLAND

United States Magistrate Judge David L. Martin
United States District Court
One Exchange Terrace
Providence, R.I. 02903

Re: Independent Financial Services, Inc. v. CCI Group, Inc., C.A. No. 04-378-L-DLM

Dear Judge Martin:

As Your Honor may recall, I appeared before you on March 16, 2007 in connection with a Motion to Impose Sanctions for Failure to Cooperate in Post-Judgment Discovery in Aid of Execution, in connection with the above-referenced matter.

Your Honor entered an Order which granted the Motion, and imposed a penalty of $500.00 per day and further provided that that penalty would be vacated "if, prior to the close of business on April 6, 2007, Defendant fully complies with Plaintiff's post-judgment discovery, including Plaintiff's First Request for Production of Documents in Aid of Judgment, served November 10, 2006 and Plaintiff's Notice of Deposition, served January 3, 2007, such deposition to take place at a time convenient to Plaintiff's counsel."

Please be advised that, in fact, Fred Jackson, the President of CCI Group, Inc. did appear in my office on April 5, 2007, pursuant to a Notice of Rescheduled Deposition which I served following the entry of the above-referenced Order. Mr. Jackson did answer all questions posed to him at his deposition, and no questions were refused. In addition, I did receive a fairly voluminous packet of documents on that same date which purported to be responsive to the previously served Request for Production of Documents. Again, no objections were raised to the production.

While I am not absolutely certain that there might not be further issues regarding whether there might be additional documents which are called for by the Requests, by all appearances, any such disputes, if not resolved informally, would be more conventional Rule 37 fare, and not the subject of the extraordinary sanction I previously sought on behalf of my client. At this point, I do not believe that I have any basis to assert that the Defendant has not satisfied the conditions required to vacate the Order.

The reason I am providing this information to Your Honor by way of a letter is because it continues to be the case that CCI Group, Inc. does not have active Rhode Island counsel in this matter. Therefore, I thought it prudent, at least, to advise Your Honor as to what transpired since the entry of the Order.

Please advise if you require anything further in this regard. For your information, I have copied this correspondence to Mr. Jackson, the President of CCI Group in care of its "special corporate counsel" Gregory Frost who I have been in contact with since the last hearing before Your Honor.

Thank you for your continued attention to this matter.

Sincerely yours,

Jeffrey S. Michaelson

JSM:cs
cc: Fred Jackson, c/o Gregory Frost